[Cite as *Koscho v. Hill*, 2021-Ohio-110.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

CHRISTOPHER A. KOSCHO,    :     Case No. 19CA3699

    Plaintiff-Appellant,    :

v.    :     <u>DECISION AND</u>
             <u>JUDGMENT ENTRY</u>

RYLIE HILL,    :

    Defendant-Appellee.    :     **RELEASED 1/14/2021**
_____
<u>APPEARANCES</u>:

Bradley S. Nicodemus, The Nicodemus Law Office, LPA, Baltimore, Ohio, for appellant.
_____
Hess, J.

{¶1} Christopher Koscho appeals from a judgment of the Ross County Common Pleas Court, Juvenile Division, increasing his child support obligation. Koscho contends that the trial court abused its discretion when it found that his annual income from employment was $88,050, that there was insufficient evidence to support his assertion that the child's mother had an ownership interest in a business, and that he was not entitled to a child support deviation for benefits the child's mother receives from sharing living expenses with her boyfriend. Because Koscho failed in his burden to show that the trial court's decision was unreasonable, arbitrary, or unconscionable, we overrule his assignments of error and affirm the trial court's judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶2} In 2012, Christopher Koscho and Rylie Hill had a child together. In July 2018, the Ross County Child Support Enforcement Agency conducted an administrative review of a court support order which required that Koscho pay child support of $656.06

per month plus a processing fee. The agency recommended that as of August 1, 2018, Koscho pay $814.54 per month plus a processing fee when private health insurance is provided for the child or $886.60 per month when private health insurance is not provided. Koscho requested an administrative hearing, and the hearing officer recommended that the court revise the current support order to $909.14 per month plus a processing fee when private health insurance is provided or $944.10 per month plus a processing fee when private insurance is not provided. Koscho challenged the hearing officer's findings and recommendations and moved the court for a modification of his support obligation.

{¶3}   A magistrate conducted a hearing at which Hill testified that she lives with her boyfriend, Kenny Adkins, in a home he owns that is situated on about 40 acres of land. She testified that the property has "been paid for for a long time" and that she does not pay Adkins rent. When asked whether Adkins provides for her and her child, Hill stated, "Eh, normal, how normal couples provide, I guess." Hill testified that she does part-time sales work for Performance Motors, which is one of the businesses Adkins owns. She indicated that Performance Motors does not withhold taxes from her checks because she is classified as a subcontractor. The record includes copies of checks made payable to Hill that were drawn on a Performance Motors account and contain blank memo lines and illegible signatures. The record also includes copies of Hill's 2017 federal and state individual income tax returns which indicate that they were prepared by an individual at H&R Block. On her federal tax return, Hill reported $0 in wages, salaries, and tips, and she reported $4,015 in business income. She included the $4,015 on Schedule C-EZ, which is titled "Net Profit From Business" and includes the phrase "(Sole

Proprietorship)" under the title. On the schedule, she identified herself as a proprietor, identified the principal business or profession as a motorcycle, ATV, and all other motor vehicle dealer, and identified the business name as Kenny Adkins. In addition, she included the $4,015 on Schedule SE, which is titled "Self-Employment Tax." Hill also reported the $4,015 as "Schedule C – Profit or Loss From Business (Sole Proprietorship)" on the 2017 Ohio Schedule IT BUS form. On that form, she used her own name as the name of the business entity and indicated that her percentage of ownership was 100%. When Koscho's attorney questioned why Hill had filed an "ownership tax form" even though she testified that she did not have an ownership interest in Performance Motors, Hill testified, "I don't really understand what you're asking, because I don't really know how taxes work but I know that I have no ownership whatsoever in his business. Its [sic] his business. I am just an employee, * * * I don't how it's all [sic], I guess it's a subcontractor for his car lot * * * which is Performance Motors." Hill indicated that if her tax returns showed that she had an ownership interest, it was because her "accountant made a mistake."

{¶4} Koscho testified that he is a widower and has two minor children in addition to the child with Hill. He is the sole provider for the other children and incurs about $4,200 a year in child-care costs for them so that he can work for the Department of Veterans Affairs. Koscho testified that he works from home and needs a hardline phone and high-speed internet to do his job, which cost him about $160 a month. The record includes Koscho's tax returns and W-2s for 2016, 2017, and 2018, and leave and earnings statements from his last two paychecks from 2018 and first two paychecks from 2019. According to the earnings statements, his hourly rate is $42.19 and his adjusted

basic pay is $88,050.  Koscho testified that his hourly rate is $42.19 but that he does not earn $88,050 a year and that one could look at his earnings statements for "every single year since 2002," i.e., when he started working for the Department of Veterans Affairs, and see he has never received his adjusted basic pay.  He could not explain why his earnings statements state that his adjusted basic pay is $88,050.  According to his last earnings statement for 2018, his gross pay that year was $79,578.48.

{¶5}  The magistrate overruled Koscho's objections to the hearing officer's findings and recommendations and ordered him to pay $909.14 per month plus a processing fee for the period from August 1, 2018, to March 27, 2019, and based on a statutory amendment, ordered him to pay $774.63 per month plus a processing fee beginning March 28, 2019.  The trial court adopted the magistrate's decision.  However, Koscho filed objections asserting the magistrate had erred in finding that his income from employment was $88,050, finding Hill did not have an ownership interest in Performance Motors, not granting a deviation from the amount of child support that would otherwise result from the basic child support schedule and applicable worksheet under R.C. 3119.23(J) for his work-related expenses (phone and internet), not granting a deviation under R.C. 3119.23(M) or (Q) based on his responsibility for his other children for whom he incurs child-care costs in order to work, and not granting a deviation under R.C. 3119.23(G) and (K) because Hill benefited from sharing living expenses with her boyfriend.

{¶6}  The trial court found that the magistrate's factual findings were accurate and overruled the objections.  The court found that Koscho's income from employment was $88,050 per year and that there was "insufficient evidence" to support the assertion

that Hill had an ownership interest in Performance Motors.  In addition, the court found that the evidence did not support a finding that the amount of child support calculated pursuant to the basic child support schedule and applicable worksheet would be unjust or inappropriate.  The court found most of Koscho's requests for a deviation were "speculative and not supported by the record."  The court also found that Hill was "essentially the sole and primary care giver" for the parties' child and Koscho does receive some credit for his other children on the child support worksheet.  The court ordered him to pay the child support amounts in the magistrate's decision.

## II.  ASSIGNMENTS OF ERROR

{¶7}    Koscho presents the following assignments of error:

I. The trial court erred when determining appellant, Christopher Koscho's, income.

II. The trial court erred when determining appellee, Rylie Hill, does not have an ownership interest in a business and thereby additionally erred in determining appellee's income.

III. The trial court erred in determining that appellee, Rylie Hill, does not receive benefits from shared living expenses and thus appellant, Mr. Koscho is entitled to a deviation of his child support obligation.

## III.  LAW AND ANALYSIS

{¶8}    "In general, appellate courts will not reverse trial court decisions that relate to child support matters unless the court abused its discretion."  *In re Z.C.*, 4th Dist. Ross No. 19CA3693, 2020-Ohio-3635, ¶ 13.  An abuse of discretion is "an unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken."  *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

A. Employment Income

{¶9}    In the first assignment of error, Koscho contends that the trial court abused its discretion when it determined his income.  Koscho asserts that "[t]here is competent and credible evidence" that his income from employment is not $88,050 because he testified that he has never earned his adjusted basic pay, that he does not know how the government arrives at that amount, and that his actual pay appears in a different section of his earnings statements which shows his gross pay for 2018 was $79,578.48, which is consistent with information on his W-2 for 2018.

{¶10} The trial court's finding that Koscho's annual income from employment is $88,050 was not unreasonable, arbitrary, or unconscionable.  Koscho's earnings statements state that his adjusted basic pay is $88,050.  Although Koscho testified that one could look at his earnings statements since 2002 and see that he has never earned his adjusted basic pay, he failed to substantiate that testimony with documentary evidence.  Koscho is correct that his earnings statements reflect that his gross income in 2018 was $79,578.48.  However, he did not present any evidence that his hourly rate was $42.19 for the entirety of 2018.  If it had been, he would have only earned 1,886.19 hours of regular pay that year ($79,578.48/$42.19) even though the 2018 earnings statements he submitted indicate he earns 80 hours of regular pay every two weeks, and his hourly rate is based on a 2087-hour work year.  *See generally* 5 U.S.C. 5504(b)(1) ("When, in the case of an employee, it is necessary for computation of pay under this subsection to convert an annual rate of basic pay to a basic hourly * * * rate * * * [t]o derive an hourly rate, divide the annual rate by 2,087"); 5 U.S.C. 5504(c)(1)(A) ("employee" includes "an employee in or under an Executive agency"); 5 U.S.C. 105

("For the purpose of this title, 'Executive agency' means an Executive department * * *"); 5 U.S.C. 101 (Department of Veterans Affairs is an Executive department). The two 2019 earnings statements Koscho submitted indicate that he was on track to earn over $88,050 for work performed in 2019. Those statements show he earns 80 hours of regular pay every two weeks at a rate of $42.19 an hour. If he received eight hours of regular pay for each of the 261 weekdays in 2019 (including federal holidays), his gross pay for those 2088 hours would have been $88,092.72. ($42.19 x 8 x 261).

**{¶11}** Koscho has not shown the trial court abused its discretion when it found that his annual income from employment is $88,050. Accordingly, we overrule the first assignment of error. In doing so, we observe that in the argument for this assignment of error, Koscho mentions his testimony about his child-care costs and work-related expenses. However, he does not explain how those expenses are relevant to the trial court's finding that his income from his employer is $88,050 a year. In his objections to the magistrate's decision, Koscho argued that these expenses warranted a child support deviation under R.C. 3119.23(J) (extraordinary work-related expenses), R.C. 3119.23(M) (responsibility for the support of others), and R.C. 3119.23(Q) (any other relevant factor). However, he did not assign as error the trial court's rejection of those arguments, so we do not address those issues.

### B. Business Ownership

**{¶12}** In the second assignment of error, Koscho contends that the trial court abused its discretion when it found that there was insufficient evidence to show that Hill had an ownership interest in Performance Motors and therefore erred when it determined her income. Koscho maintains that Hill's checks from Performance Motors

and tax returns clearly establish her ownership interest. He asserts that Hill did not produce any documentary evidence to show that she was a subcontractor and claims the checks "provided an indicia of ownership withdrawals" because "[t]hey are handwritten checks without any tax withholdings or other deductions consistent with paychecks" and lack "any indication of payment for contract services." He asserts that it would be inconsistent for Hill to be a subcontractor and file Schedule C-EZ because it is used to report business income from a sole proprietorship.  He states that "[i]t stresses credulity to believe that a court can ignore a federally promulgated and nationally recognized tax form, with the purpose of reporting business income on personal income taxes, and determine a Form 1040 Schedule C – which speaks for itself as the trial court noted – is not competent and credible evidence of business ownership." He asserts that Hill claimed a business tax credit on her Ohio tax return and claimed 100% ownership of Performance Motors on her 2017 Ohio Schedule IT BUS form.  Koscho asserts we would have to "ignore common sense" to believe that Hill's accountant would mistakenly "identify an employee or contractor as a business owner." Koscho also claims the magistrate prevented him from making a full inquiry into Hill's ownership interest, and we should reverse and remand for him to conduct further inquiry and investigation into Hill's "ownership in Performance Motors for determination of her true income."

{¶13} The trial court's determination that there was insufficient evidence to show that Hill had an ownership interest in Performance Motors was not unreasonable, arbitrary, or unconscionable.  Hill testified that she does not have an ownership interest in Performance Motors and indicated that the business does not withhold taxes from her checks because she is a subcontractor.  *See generally United States v. Floyd*, 740 F.3d

22, 26 (1st Cir.2014) ("Employers are required to withhold Social Security, Medicare, and federal income taxes from their employees' paychecks and to remit those payroll taxes to the IRS, along with matching contributions for Social Security and Medicare," but these "withholding requirements generally apply only with respect to employees, not with respect to independent contractors"). Nothing on the face of the checks from Performance Motors shows that they were ownership withdrawals as opposed to payments for services rendered.

**{¶14}** Hill's tax returns do not mandate a finding that she has an ownership interest in Performance Motors. None of the cases Koscho cites stand for the proposition that income earned as a subcontractor cannot be reported as business income on the schedules Hill's accountant used, and our research has revealed caselaw that suggests it can be if Hill qualifies as an independent contractor. *See Rodriguez v. Commr. of Internal Revenue*, T.C. Memo. 2012-286, 104 T.C.M. (CCH) 425, 2012 WL 4795576, *5 (Oct. 9, 2012) ("Independent contractors * * * may report their compensation less related expenses as business income on Schedule C * * *"). In any event, even if Hill's tax returns suggest she has an ownership interest in the business, Hill testified that she has "no ownership whatsoever" in the business, so her accountant must have made a mistake. Koscho only speculates that an accountant would not make such an error and that additional questioning of Hill, which the magistrate purportedly prevented, would have revealed beneficial information about her income.

**{¶15}** For the foregoing reasons, we conclude the trial court did not abuse its discretion when it found that there was insufficient evidence to show that Hill had an ownership interest in Performance Motors. We overrule the second assignment of error.

C.  Benefits from Sharing Living Expenses

**{¶16}**  In the third assignment of error, Koscho contends the trial court erred when it found he was not entitled to a child support deviation under R.C. 3119.23(G) because Hill benefits from sharing living expenses with her boyfriend.  Koscho asserts that Hill and their child "receive great benefit from their living arrangements" because they live in her boyfriend's home on 40 acres of land, she does not pay rent, her boyfriend owns a number of businesses the court precluded Koscho's counsel from inquiring about, her boyfriend provides for her and the minor child, and they share expenses as a normal couple would.  Koscho claims that if Hill truthfully testified about her income, she would not be able to "expense-share with her boyfriend on a 40-acre farm."  He asserts that "it is evident that she receives great benefit and has a high standard of living, given her living situation with her boyfriend, who also owns other businesses."

**{¶17}**  R.C. 3119.22 states:

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and therefore not be in the best interest of the child.

Under R.C. 3119.23(G), one of the factors the court "may consider * * * in determining whether to grant a deviation" under R.C. 3119.22 is "[b]enefits that either parent receives from * * * sharing living expenses with another person."

**{¶18}**  The trial court's decision to not grant a deviation based on R.C. 3119.23(G) was not unreasonable, arbitrary, or unconscionable.  It is unclear from the record how much of a benefit Hill gets from sharing living expenses with her boyfriend.  Although Hill

testified that she does not pay rent to Adkins, the record does not contain any other evidence about Hill's living expenses except summer child care, and her testimony that Adkins provides for her and the child "as normal couples provide, I guess" is vague. Koscho only speculates that because Hill's boyfriend owns property and multiple businesses, she and the child enjoy a standard of living that makes the amount calculated pursuant to the basic child support schedule and the applicable worksheet unjust or inappropriate. Under these circumstances, we cannot conclude that the trial court abused its discretion when it declined to grant a deviation based on R.C. 3119.23(G). Accordingly, we overrule the third assignment of error.

## IV. CONCLUSION

**{¶19}** Having overruled the assigned errors, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
Michael D. Hess, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**